**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

OSBORNE WYNN, JR.,
　　　　　　*Petitioner-Appellant,*

v.

JAMES L. JENKINS, JR., Chairman,
Virginia Parole Board,
　　　　　　*Respondent-Appellee.*

No. 03-7177

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-01-552)

Submitted: December 11, 2003

Decided: December 23, 2003

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

**COUNSEL**

Osborne Wynn, Jr., Appellant Pro Se. Richard Carson Vorhis,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Rich-
mond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Osborne Wynn, Jr., seeks to appeal the district court's order denying his motion to vacate the district court's judgment under Fed. R. Civ. P. 60(b). Wynn's motion sought to reopen the judgment dismissing his first 28 U.S.C. § 2254 (2000) petition as untimely filed. As the district court correctly determined, Wynn's self-styled Motion under Rule 60(b) is, in substance, a second habeas corpus petition attacking his conviction and sentence under 28 U.S.C. § 2254 (2000). *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). In the absence of pre-filing authorization, the district court was without jurisdiction to entertain the petition. *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000). Accordingly, we deny a certificate of appealability and dismiss the appeal of the district court's order.

In accordance with *Winestock*, we also treat Wynn's notice of appeal and appellate brief as a request for authorization from this court to file a second habeas corpus petition. *See id.* at 208. This court may authorize a second or successive § 2254 petition only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. §§ 2244(b)(2), 2255. The applicant bears the burden of making a prima facie showing of these requirements in his application. *See In re Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003). Wynn failed to make the requisite showing. Thus, we deny authorization under § 2244.

We deny Wynn's motion for leave to proceed in forma pauperis. We dispense with oral argument because the facts and legal conten-

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*